# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 30, 2017

```
* * * * * * * * * * * * *
JESSIE M. HOLLOWAY,              *    No. 16-919V
                                 *
         Petitioner,             *    Special Master Sanders
                                 *
v.                               *
                                 *    Dismissal; Insufficient Proof;
SECRETARY OF HEALTH              *    Prevnar 13 Vaccine; Pneumonitis;
AND HUMAN SERVICES,              *    Respiratory Problems.
                                 *
         Respondent.             *
* * * * * * * * * * * * *
```

<u>Sean F. Greenwood</u>, The Greenwood Law Firm, Houston, TX, for Petitioner.
<u>Robert P. Coleman, III</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 2, 2016, Jessie M. Holloway ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from pneumonitis and respiratory problems as a result of a Prevnar 13 vaccine administered on December 17, 2015. Pet. 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On October 30, 2017, Petitioner moved for a decision dismissing her claim. Pet'r's Mot. Dismiss, ECF No. 37. Petitioner conceded that "[a]n investigation of the facts supporting her case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." <u>Id.</u> at 1. Petitioner filed this motion without opposition from Respondent. <u>Id.</u> at 2.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injury was caused by the Prevnar 13 vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master
